Shohl, P.. J.,
dissenting. The plaintiff in error is under a sentence of death based upon the verdict of a jury finding him guilty of murder in the first degree without recommendation of mercy.
■During the course of the final argument of the cause to the jury his counsel undertook to argue to the jury that the accused should be accorded a recommendation of mercy. The court, in substance, forbade him to talk about mercy to the jury, and counsel excepted.
Section 12400, General Code, provides:
“Whoever, purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape* *383 arson, robbery or burglary, kills another is guilty of murder in the- first degree and shall be punished by death unless the jury trying the accused recommend mercy, in which case the punishment shall be imprisonment in the penitentiary during life.”
It will be noted that in the trial’ of a case wherein a defendant is charged with murder in the first degree, the jury may have a twofold function. They must determine the guilt or innocence of the accused. If they find the accused guilty, they must fix the penalty by their form of verdict. The form of verdict alone determines whether the offense shall be punishable by death or by imprisonment in the penitentiary during life.. While under the Ohio criminal law the jury has ordinarily nothing to do with the determination of the amount of the punishment, the law in some states gives them the power. See 16 Corpus Juris, 933, 1111. In Ohio the jury have the function of fixing the penalty in first degree murder cases only. The legal effect of the recommendation of mercy is to fix the punishment. State of Ohio v. Schiller, 70 Ohio St., 1.
One charged with a capital or otherwise infamous crime has secured to him by both the federal and state constitutions the right (1) to a trial by jury; (2) to compulsory process for obtaining witnesses in his favor; and (3) to the assistance of counsel upon trial. See Section 2 of Article III, and Articles V and VI of the amendments to the Constitution of the United States, and Sections 5 and 10, Article I of the Constitution of Ohio. Important as the right to a trial by jury is, its purposes would not be fully accomplished without the concomitant rights of compulsory process and the *384 assistance of counsel. It is our duty to see that none of these rights is impaired, or denied to any one entitled to the benefit of them. They are the product of the wisdom and humanity of the founders of this government.
How far the considerations of age, sex, ignorance, illness or intoxication, of human passion or weakness, of sympathy or clemency, or the irrevocableness of an executed sentence of death, or an apprehension that explanatory facts may exist which have not been brought to light, or any other circumstances whatever, should be allowed weight in deciding the question whether the accused should or should not be capitally punished is committed to the discretion of the jury and of the jury alone. The authority of the jury to decide that the accused shall not be punished capitally is not limited to cases in which the court, or the jury, is of the opinion that there are palliating or mitigating circumstances; but it extends to every case in which, upon a view of the whole evidence, the jury is of opinion that it would not be just or wise to impose capital punishment. Winston v. United States, 172 U. S., 303, 313, and United States v. Williams, 103 Fed. Rep., 938.
The right to defend with counsel includes the right to have counsel argue fully such matters as may be favorable to the accused. Dille v. State, 34 Ohio St., 617, and 16 Corpus Juris, 887.
Since the jury have the power to “change the punishment,” the accused has the right to have presented to their attention any matters that they might properly consider in forming a judgment.
*385 The effect upon the right of the prosecution to reply to such argument in kind, we need not now decide.
Counsel for the state rely upon the decision of State v. Ellis, 98 Ohio St., 21. The fact that counsel are not permitted to inquire of a prospective juror whether he would be willing to consider recommendation of mercy, and thus “commit the jurymen in advance,” is not inconsistent with the right to have presented to the juror at the proper time such matters as might warrant him to consider whether mercy should be recommended. The jury must be left free in the determination of that question, but this function is vested in them as a protection to the accused.
I am of opinion that in refusing to permit counsel for the accused to argue to the jury on the subject of mercy, the court abridged the constitutional right of the defendant. I therefore dissent from the decision of the court.